NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 13 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ELOY MEZA GARCIA, | No. 20-71880 |
| Petitioner, | Agency No. A088-258-508 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted August 30, 2021
Seattle, Washington

Before: HAWKINS, McKEOWN, and GOULD, Circuit Judges.

Petitioner Eloy Meza Garcia seeks review of the decision by the Board of

Immigration Appeals (BIA) denying his motion to reopen his proceedings. Meza

asked the BIA to reopen his case using its *sua sponte* authority and remand to

allow him to apply for cancellation of removal under Section 240A(a) of the

Immigration & Nationality Act, 8 U.S.C § 1229b(a)(1–3).

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Meza obtained lawful permanent resident status in 2008. Shortly thereafter, the Department of Homeland Security (DHS) placed him in removal proceedings and charged him with knowingly aiding and abetting the illegal entry of another noncitizen into the United States. DHS alleges that after visiting family for a few hours in Mexico, Meza drove his sister-in-law and niece through a vehicle inspection point and claimed they were his wife and daughter, who are both lawful permanent residents.

The BIA issued a final order of removal in 2013. After the Supreme Court held a Notice to Appear (NTA) must contain a date and time to be valid, *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), Meza filed a motion with the BIA to reopen his proceedings *sua sponte*. Because the NTA he received did not include this information, he contends it did not stop the accrual of his continuous residence, making him eligible for cancellation of removal. To be eligible, permanent residents must have seven years of continuous residence, subject to a "stop-time" rule specifying when the accrual of residence stops. 8 U.S.C § 1229b(d)(1).

The BIA denied Meza's motion for two reasons, concluding that his continuous residence ended either in 2008, when he received a subsequent Notice of Hearing (NOH) with date and time information, or in 2013, when the BIA issued a final order of removal. Both reasons are premised on legal error.

We have jurisdiction to review the denial of Meza's motion under *Bonilla v.*

2

*Lynch*, 840 F.3d 575 (9th Cir. 2016). This Court generally lacks jurisdiction to review the BIA's discretionary denials of exercising its *sua sponte* authority, but we retain limited jurisdiction to review when the denial rests on legal or constitutional error. *See id*. at 581, 584. This limited jurisdiction allows us to ensure that the BIA "made its discretionary decision on the correct understanding of the applicable legal principles." *Id.* at 584.

1. The BIA erred by concluding Meza's defective NTA could be cured by a subsequent NOH with the required information. Pursuant to *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), and *Niz-Chavez v. Garland*, 141 S. Ct. 1474 (2021), the government must supply all statutorily required information in a single document to invoke the stop-time rule and end continuous residence (for permanent residents) or continuous presence (for nonpermanent residents). The subsequent NOH Meza received was insufficient to cure the defective NTA, and it did not stop his continuous residence.

2. Nor is a final order of removal a valid basis for denying Meza's motion for *sua sponte* relief. The BIA reasoned that even if the NOH did not cure the defective NTA, "an alien's physical presence or residence only continues to accrue until the entry of a final administrative decision of removal." But a final removal order does not trigger the stop-time rule; to hold otherwise would be at odds with the rule's unambiguous statutory text. *Cantor v. Garland*, 17 F.4th 869, 870 (9th

3

Cir. 2021).

Our review is limited to the reasons given on "the face of the BIA's decision." *Lona v. Barr*, 958 F.3d 1225, 1234 (9th Cir. 2020). We may not supply a different rationale for the BIA. Because both reasons given by the BIA rest on legal error, we grant the petition and remand.

**PETITION GRANTED AND REMANDED.**